**Robert A. MCNEIL, Appellant,**

v.

**IRS COMMISSIONER and United States Attorney General, Appellees.**

**No. 16-5233**
**September Term, 2016**

United States Court of Appeals,
District of Columbia Circuit.

Filed On: January 31, 2017

1:15-cv-01288-CKK

Robert A. McNeil, Pro Se.

Curtis Clarence Pett, Esquire, Bruce R. Ellisen, U.S. Department of Justice, (DOJ) Tax Division, Appellate Section, DOJ Appellate Counsel, (DOJ) Civil Division, Appellate Staff, Washington, DC, for Appellees.

BEFORE: Brown and Pillard, Circuit Judges, and Ginsburg, Senior Circuit Judge

## ORDER

Per Curiam

Upon consideration of the motion for summary affirmance and the supplement, the response thereto, and the reply; the motion for summary reversal and the response thereto; the motions for judicial notice and the responses thereto; and the motion in limine and the response thereto, it is

**ORDERED** that the motions for judicial notice be denied. Appellant has not shown the materials of which judicial notice is sought are necessary to the disposition of this appeal. It is

**FURTHER ORDERED** that the motion in limine be denied. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted and the motion for summary reversal be denied. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court appropriately dismissed the complaint for lack of subject matter jurisdiction. The complaint effectively challenged the legality of income tax and the requirement to file tax returns, thereby falling within the clear ambit of the Anti-Injunction Act, 26 U.S.C. § 7421(a). In no way does the limited exception to the Anti-Injunction Act, articulated in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), apply to this case. Further, nothing appellant argues on appeal demonstrates that the denial of his Rule 59(e) motion amounted to an abuse of discretion. See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.